```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NORTH DAKOTA
                NORTHEASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )  REPORT AND RECOMMENDATION
        V.                  )
                            )     CASE NO. 2:04-cr-107
MICHAEL DUNN                )
```

An amended petition[1] filed on November 19, 2008 alleges that Michael Dunn violated conditions of supervised release. The petition was referred to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. No. 42). At the December 5, 2008 hearing, Dunn admitted to most of the violations alleged in the petition. The parties agree revocation of supervised release is in order; however, there is significant disagreement as to the term of imprisonment to be ordered. The government seeks a term of eighteen months, while Dunn asserts a term of four to ten months would be appropriate. The parties agree that no additional term of supervised release should be ordered.

## **FACTS**

Dunn pled guilty to a charge of assault resulting in serious bodily injury. He was sentenced to 41 months imprisonment, three years supervised release, payment of a special assessment, and payment of $3,130.44 in restitution. Conditions of supervised

---

[1] An initial petition was filed March 25, 2008, but Dunn made no appearance on that petition before the amended petition was filed. The parties agreed on the record that the amended petition could be substituted for the initial petition.

release included Dunn completing a chemical dependency evaluation, and any recommended treatment, completing a mental health evaluation, and participating in anger management counseling.

Dunn's supervised release began June 12, 2007. The petition alleges a series of violations which began in October 2007 and continued through September 2008. Dunn had no contact with the supervising probation officer from October 2007 until his November 2008 arrest on the petition.

Dunn's admitted violations include several state and municipal convictions: check forgery, assault, and providing false information to a police officer. He also has pending charges in tribal court for assault (two charges), fleeing, and public intoxication. The pending tribal charges concern conduct alleged to have occurred in September 2008. Additionally, the petition charges failure to obtain the required mental health evaluation and anger management counseling, failure to submit monthly reports, failure to make monthly restitution payments, and failure to obtain a drug and alcohol evaluation. Dunn disputes the charge concerning a drug and alcohol evaluation. While he does not dispute that he has not made monthly restitution payments, he asserts that a portion of his restitution obligation has been paid through garnishment of tribal payments.

One of the assault convictions involved Dunn striking a man in the head and face, causing a broken nose and torn ear cartilage.

The state court sentenced Dunn to one year imprisonment, suspended for two years, with credit for 64 days in custody.  He was convicted of another misdemeanor assault, which involved hitting a woman in the face, and sentenced to 30 days imprisonment on that conviction.  On a third assault conviction, also a misdemeanor, he was sentenced to 30 days imprisonment, with 15 days suspended.

The probation officer's report states that one of the pending tribal assault charges involves an assault which took place while Dunn was in a detox cell at the tribal jail, and that he and another man are alleged to have hit another man in the head and face with their fists.  The other pending tribal assault involves striking a woman in the face with a closed fist, resulting in loosening of her teeth.

Dunn admitted that he has not received the required mental health evaluation or participated in anger management counseling.  There is, however, disputed evidence about a requirement that he complete a drug and alcohol evaluation.  It was a condition of his supervised release that he obtain a chemical dependency evaluation, and follow any treatment recommendations of the evaluator.  Dunn was evaluated at Lake Region Human Service Center shortly after his supervised release term began, and a June 18, 2007 report stated that no treatment was recommended at that time.  It described him as "in remission in a controlled environment."

The supervising officer testified at a detention hearing on

November 24, 2008, that he directed Dunn to complete another evaluation in October 2007, after the violations of conditions of release began.  Dunn disputes that he received that direction.  No testimony was offered at the hearing on the petition.  In this Court's opinion, the government did not establish at the hearing that Dunn knowingly failed to obtain a drug and alcohol evaluation. In light of his admissions to the other violations, however, that failure of proof is of limited consequence.

Dunn came into federal custody, as a result of this petition, on November 18, 2008.  On November 24, 2008, this Court granted the government's motion that he be detained pending a decision on the petition.

## **PARTIES' POSITIONS ON DISPOSITION**

While there is no dispute that Dunn's supervised release should be revoked, the parties have differing positions on the length of imprisonment that should be ordered.

The government seeks a sentence of eighteen months.  The government asserts that each of the assault and the forgery convictions should be treated separately for purposes of application of the policy statement range.  The government advocates a sentence of twelve months as a result of the assault convictions and six months as a result of the forgery conviction. The government asserts that the state convictions demonstrate a pattern of violent assaults, similar to the conduct that resulted

in the original conviction.

Dunn takes the position that all of the violations should be aggregated, and that the most serious offense should determine the guideline range to be considered.  It is Dunn's position that a sentence greater than four months, but less than ten months, is appropriate.

## GUIDELINES POLICY STATEMENTS

At the time sentence was imposed, Dunn was in Criminal History Category I.  The forgery conviction is a Grade B violation, and the other violations are of Grade C.  The guidelines advise a sentence of three to nine months for an individual in Category I whose violations are of Grade C, and a sentence of four to ten months for an individual in Category I whose violations are of Grade B.

## DISCUSSION

Note (b) to U.S.S.G. §7B1.1 provides, "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  That note does not support the government's position.  The statutory maximum term of supervised release is two years, since the offense of conviction was a Class C felony.  See 18 U.S.C. § 3583; U.S. v. Lewis, 519 F.3d 822 (8th Cir. 2008).  The applicable advisory guideline suggests a sentence of four to ten months upon revocation of Dunn's supervised release.

In determining a sentence appropriate for violation of conditions of supervised release, the focus is on the violation of the court's order setting those conditions of release. The guideline policy statements "do not purport to provide the appropriate sanction for the criminal charge itself." U.S.S.G. , Ch. 7, Pt. B (introductory commentary). At minimum, because of Dunn's multiple violations of conditions of release, a term of imprisonment at the high end of the policy statement range is in order. His violations have been repeated and violent, and have had the potential to result in very serious injury to his victims. His disregard for the court's order in setting his conditions of supervised release is egregious, supporting a sentence greater than that suggested by the policy statements. This Court recommends a sentence of twelve months imprisonment, with no additional term of supervised release at the completion of the prison term.

## RECOMMENDATION

This Court recommends that the District Judge find that Dunn violated conditions of supervised release, as alleged in the petition, with the exception of the allegation that, "He has failed to follow through with drug and alcohol evaluation as directed by this officer." This Court recommends that Dunn's supervised release be revoked, that he be ordered to serve twelve months in custody, that no additional term of supervised release be ordered after completion of the term of custody, and that his restitution

obligation continue.

## **OPPORTUNITY FOR OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within ten days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 12th day of December, 2008.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge